J-S20028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHIL ANTHONY MANERI | : | |
| | : | |
| Appellant | : | No. 1535 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 10, 2020
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0003261-2019

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 13, 2021**

Appellant, Phil Anthony Maneri, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol ("DUI")—general impairment with accident, second offense, and the summary traffic offense of failure to drive in a single lane.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 5, 2019, Appellant crashed his car into a stationary PennDOT vehicle which was part of a roadwork crew on Route 581.  The PennDOT employee sitting in the vehicle suffered multiple injuries as a result of the crash. Appellant attempted to flee but was prevented from doing so by other

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3309, respectively.

members of the road crew. Pennsylvania State Trooper Larry Reedy arrived at the scene and located Appellant's damaged vehicle. The trooper observed indicia of intoxication, including Appellant's bloodshot eyes, the odor of alcohol emanating from Appellant, and Appellant's confused speech. Appellant admitted to consuming two beers earlier in the evening. After Appellant failed field sobriety tests, the trooper arrested him. Appellant refused a blood draw.

On August 11, 2020, following a bench trial, the court convicted Appellant of DUI—general impairment with accident, second offense, and failure to drive in a single lane. On November 10, 2020, the court sentenced Appellant to 60 days to 6 months' imprisonment.

On December 9, 2020, Appellant timely filed a notice of appeal. The court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant timely complied on December 21, 2020.

On appeal, Appellant raises the following issue for our review:

> Was there insufficient evidence to prove beyond a reasonable doubt that [Appellant] was incapable of safely driving his vehicle due to alcohol impairment?

(Appellant's Brief at 6).

Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that he was incapable of safely driving his vehicle due to alcohol impairment because the Commonwealth did not obtain a blood draw. Appellant asserts that his actions were consistent with a tired driver. In the

J-S20028-21

absence of a blood draw to reveal Appellant's blood alcohol level, Appellant contends there was no way to tell whether "the two beers consumed earlier" were enough to substantially impair Appellant's ability to operate his vehicle. (***Id.*** at 14). Appellant concludes there was insufficient evidence to sustain his DUI conviction, and this Court must grant him relief. We disagree.

Our standard and scope of review in this case are as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Motor Vehicle Code defines the offense of DUI—general impairment as follows:

> **§ 3802.    Driving under influence of alcohol or controlled substance**

- 3 -

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). "Subsection (a)(1) is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Commonwealth v. Loeper*, 541 Pa. 393, 402-03, 663 A.2d 669, 673-74 (1995). Further:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary....

\* \* \*

Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

*Commonwealth v. Segida*, 604 Pa. 103, 115-16, 985 A.2d 871, 879 (2009).

Instantly, the trial court reasoned:

In the case *sub judice*, we found the evidence of Appellant's conduct and demeanor sufficient for Section 3802(a)(1),

- 4 -

notwithstanding the absence of chemical blood test results. Appellant passed at least one highway message board indicating the left lane was closed ahead and had a half-mile to switch lanes to avoid driving into a closed lane at a time with minimal traffic. He nonetheless struck the fully-[lit] PennDOT vehicle with enough force to push the dump truck forward and severely injure [the victim], in a demonstrative showing of his inability to exercise judgment or react prudently to changing circumstances. He then immediately backed up and drove away. Trooper Reedy observed Appellant to have "very bloodshot" and "very watery, glassy eyes" and confused speech. Appellant indicated he had two beers prior to operating the vehicle. Appellant could not complete the One Leg Stand or the Walk and Turn tests after struggling to follow directions in completing them and in remaining balanced, and he nearly fell over…. Appellant finally said he could not complete the One Leg Stand test because of the gravel, though he was standing on a paved highway, and he ultimately refused a blood test. In essence, Appellant demonstrated classic signs of intoxication in appearance and odor, concededly imbibed alcohol, lacked control over his body and balance, could not successfully complete the field sobriety tests, and struck a parked vehicle in a closed lane with ample time to long avoid the collision.

We note that Appellant's counsel sought to undermine Trooper Reedy's testimony on cross examination and at closing argument by suggesting that Trooper Reedy did not know what type of beer Appellant consumed and therefore could not say with detail what effect it may have had on Appellant, that Trooper Reedy did not take photos of the damage or see the damage [to the victim's] PennDOT vehicle, that Trooper Reedy did not note slurred speech in his report or testimony, and that the alcohol on Appellant's breath was unsurprising given he admitted to consuming alcohol. We did not find these points to weaken the Commonwealth's evidence to any significant extent such that its evidence was rendered insufficient. Indeed, we found Trooper Reedy's testimony to be credible and supported by the [motor vehicle record]. At the risk of venturing into a weight-of-the-evidence analysis, we note that sufficiency claims still require us to explain our view of the entirety of the evidence. We agree that alcohol on

> Appellant's breath may not have been enough alone, but it was a corroborating factor in a list of others that indicated beyond a reasonable doubt that Appellant was incapable of safely driving his vehicle. We similarly found that lack of slurred speech did not take Appellant out of the realm of intoxication to the extent of incapability, nor did lack of evidence as to the type of beer Appellant consumed. We also were undisturbed by the lack of photos of the accident, given Appellant's statement acknowledging he hit the vehicle and [the victim's] detailed testimony.

(Trial Court Opinion, filed February 5, 2021, at 7-8).

We agree with the court's analysis. Here, the trial testimony established the indicia of intoxication necessary for the fact-finder to conclude that Appellant was unable to drive safely. *See Segida, supra*; 75 Pa.C.S.A. § 3802(a)(1). Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, sufficient evidence supported Appellant's DUI conviction. *See Jones, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021